```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| HENRY TUBRE | CIVIL ACTION |
| VERSUS | NO: 09-2482 |
| WESTERN DIVERSIFIED CASUALTY INSURANCE COMPANY | SECTION: J |

## ORDER AND REASONS

Before the Court is Defendant Western Heritage Insurance Company's **Motion to Dismiss or in the Alternative, Motion for Summary Judgment on Grounds of Prescription (Rec. Doc. 16)** and supporting memoranda, as well as Plaintiff's **Response in Opposition (Rec. Doc. 18)** and supporting memoranda.

## PROCEDURAL HISTORY AND BACKGROUND FACTS

On August 28, 2006, a class action lawsuit was filed by the law firm Bruno & Bruno on behalf of numerous plaintiffs alleging bad faith acts and damages resulting from Hurricane Katrina. Abadie I v. Aegis Security Insurance Company, No. 06-5164 (E.D. La. filed Aug. 28, 2006). Henry Tubre, Plaintiff in this matter, was among the named plaintiffs in Abadie I. In Abadie I, Tubre incorrectly named Western Diversified Casualty Insurance Company as his defendant insurance carrier.

Abadie I was subsequently consolidated with In re Katrina Canal Breaches Litigation, No. 05-4182 (E.D. La. Sep. 6, 2006) ("Katrina Litigation"). On January 12, 2009, an order was issued

in the Katrina Litigation directing certain plaintiffs, including Mr. Tubre, to file individualized amended complaints against their appropriate insurer.  On January 30, 2009, in compliance with this order, Henry Tubre ("Plaintiff") filed an amended complaint for damages resulting from Hurricane Katrina, again incorrectly naming Western Diversified Casualty Insurance Company as the defendant.

On July 20, 2009, Plaintiff filed a Motion for Leave to File Amended Severed Complaint to Properly Name the Defendant in which he received this Court's permission to substitute Western Heritage Insurance Company as the properly named defendant. (Rec. Doc. 6).  In response to this motion, Western Heritage Insurance Company ("Defendant") filed a **Motion to Dismiss or in the Alternative, Motion for Summary Judgment on Grounds of Prescription (Rec. Doc. 16)**, which is now before the court. After reviewing the record, motions, and memoranda filed by the parties, the Court finds as follows:

## THE PARTIES' ARGUMENTS

Defendant argues that any claim Plaintiff has against Defendant has prescribed and does not meet the requirements to justify a finding that the amendment should relate back to Plaintiff's initial pleading.  Therefore, according to Defendant, Plaintiff's claims should be dismissed either pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be

granted, or by summary judgment.

Plaintiff, on the other hand, argues that the July 20, 2009 amendment relates back to the date of the original pleading under Rule 15(c). Therefore, according to Plaintiff, prescription has not expired and his claim should not be dismissed under Rule 12(b)(6) or by summary judgment.

## DISCUSSION

*A. Standard for Summary Judgment*

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If that burden has been met, the nonmoving party must then come forward and establish the specific material facts in dispute to survive summary judgment. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986).

"A factual dispute is 'genuine' where a reasonable jury could return a verdict for the non-moving party. If the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, then there is no genuine issue for trial and summary judgment is proper." Weber v. Roadway Exp., Inc., 199 F.3d 270, 272 (5th Cir. 2000) (citations omitted). The non-moving party's burden "is not satisfied with 'some

metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence. [The courts] resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *[The courts] do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis in original) (citations omitted).

*B. Statute of Limitations*

At issue in this matter is whether Plaintiff's amended complaint relates back to his original complaint so that his claims against Defendant are deemed timely filed. Defendant argues that the amended complaint does not relate back and Plaintiff's claims are barred by the statute of limitations. Defendant therefore bears the burden of establishing the statute of limitations as an affirmative defense, however, Plaintiff bears the burden of showing that the amended complaint relates back. <u>Searls v. Insureco Agency and Insurance Services</u>, Civil Action No. 07-4250, 2009 WL 35340 at *2 (E.D. La. Jan. 6, 2009) (citing <u>Dodson v. Hillcrest Securities</u>, Nos. 92-2353, 92-2381, 1996 WL 459770 at *10 (5th Cir. July 24, 1996)).

Plaintiff brought this action against Defendant as an insurance claim related to property damaged during Hurricane Katrina.  As such, the relevant statute of limitations expired on September 1, 2007.  La. Rev. Stat. § 22:1894.  Plaintiff did not add Defendant as a party to this suit until the amended complaint was filed on July 20, 2009.  Plaintiff does not dispute that the applicable statute of limitations expired prior to Defendant being added to the complaint, therefore, Defendant has met its burden relating to this affirmative defense.  It is therefore incumbent on Plaintiff to show that his claims should not be barred because the amended complaint relates back to the original filing.

*C.  Relate Back*

The Federal Rule of Civil Procedure governing whether an amended complaint relates back to the original complaint is Rule 15(c).  Rule 15(c) provides:

(1)  An amendment to a pleading relates back to the date of the original pleading when:
    (A)  the law that provides the applicable statute of limitations allows relation back;
    (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
    (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (i)  received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c). Here, Plaintiff amended his complaint to change the name of the party in the complaint. Therefore, the relevant provision is 15(c)(1)(c). The requirement in 15(c)(1)(c) that Rule 15(c)(1)(B) is satisfied is easily met here. There is no question as to whether the amended complaint asserts a claim that arose out of the same conduct as the original pleading - damages relating to Hurricane Katrina.

However, there is a question as to whether Defendant received timely notice of this action. Rule 15(c) states that the amendment can relate back to the original complaint if Defendant actually knew, constructively knew, or should have known that Plaintiff's action would have been brought against it; or if Defendant received some other type of notification of the action.

Plaintiff has not alleged any of constructive notice theories that have been accepted under Rule 15(c). Further, Plaintiff did not make service on Defendant in this matter until July 24, 2009, long after the relevant statute of limitations period had expired. (Rec. Doc. 14). Therefore, Plaintiff cannot claim that Defendant actually or constructively knew of the action. As a result, Plaintiff's only arguments regarding a related back theory is that Defendant should have known of the

6

action or that Defendant was somehow on notice.

In its memorandum, Plaintiff appears to argue that Defendant was on notice. Plaintiff believes this is true because his attorney contacted Defendant and expressed discontent with Defendant's handling of the insurance claim. As additional support for his argument, Plaintiff states that he submitted a supplemental proof of loss claim to Defendant prior to the expiration of the statute of limitations period. However, the contacts between Plaintiff's attorney and Defendant were merely negotiations. At no point did Plaintiff inform Defendant that Plaintiff initiated an action in court against Defendant. Courts have held that contacts, such as those relied upon here by Plaintiff, are insufficient to satisfy Rule 15(c)'s notice requirement.[1] See Searls, 2009 WL 35340 (holding that there was no notice even though the plaintiff wrote to the defendant and provided notice that he had retained counsel).

Further, "a new defendant cannot normally be substituted or

---

[1] Courts interpreting the notice requirement in Louisiana Code of Civil Procedure Article 1153, which is substantially similar to Rule 15(c)(1)(C), have also rejected this argument. See Hardy v. A+ Rental Inc., E.F.G., 674 So. 2d 1155, 1158 (La. App. 4th Cir. 1996) (holding that unsuccessful settlement negotiations between the plaintiff's attorney and the store manager prior to the plaintiff filing the suit was not sufficient to put the defendant on notice that a law suit would be filed); see also Hodges v. Republic Western Ins. Co., 921 So.2d 175, 179 (La. App. 4th Cir. 2005) (stating "the notice that is required . . . is not [notice of the underlying claim] but rather 'notice of the institution of the lawsuit'").

added by amendment after the statue of limitations has run." Schewe v. USAA Casualty Insurance Co., Civil Action No. 06-881, 2007 WL 2174588 at *9 (E.D. La. July 27, 2007). "Rule 15(c) is designed to permit amendment where a 'misnomer,' 'mistake,' or 'misidentification' has occurred, *not where an entirely new defendant is being added who was not included in the original complaint.*" In re Katrina Canal Breaches Consol. Litig., No. 05-4182, 2008 WL 3906760, at *6 (E.D. La. Aug. 26, 2008) (*emphasis added*); see also Schewe, 2007 WL 2174588 at *9 (stating "an amendment of a complaint with relation back is generally only permitted to correct a misnomer of a defendant where the proper defendant is already before the court and the effect is merely to correct the name under which he is sued").

Plaintiff simply made a mistake in naming the defendant in the original complaint. Unfortunately, this mistake is not one that Rule 15(c) is designed to remedy. Schewe, 2007 WL 2174588 at *9 (citing Wilson v. U.S. Government, 23 F.3d 559, 563 (1st Cir. 1994)). There should not have been a mistake concerning the identification of Defendant when Plaintiff was fully aware of Defendant's proper identity, but disregarded the "plain print of his insurance policy" which listed Defendant's correct identity. Schewe, 2007 WL 2174588 at *9 (citations omitted); see also Jacobsen v. Osborne, 133 F.3d 315, 321 (5th Cir. 1998). As a result, this Court finds that Plaintiff's amended complaint does

8

not relate back to the original filing.

Accordingly,

**IT IS ORDERED** that Defendant Western Heritage Insurance Company's **Motion to Dismiss or in the Alternative, Motion for Summary Judgment on Grounds of Prescription (Rec. Doc. 16)** is hereby **GRANTED**. **IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant Western Heritage Insurance Company be and are hereby **DISMISSED**, with prejudice.

New Orleans, Louisiana, this 19th day of October, 2009.

_____
United States District Judge